**Supreme Court**
No. 2025-176-Appeal.

W. Mark Russo and Juliette M. Collins,  :
as Temporary Receivers for the Real
Estate commonly known as 36 Kinnicutt
Avenue and Located at Plat 20, Lot 330

                v.              :

One Parcel of Real Estate commonly  :
known as 36 Kinnicutt Avenue, Located
at Plat 20, Lot 330, et al.

# O R D E R

      The respondent, Mark Watson, appeals from a Superior Court order denying his motion for a temporary restraining order (TRO) to prevent the sale of property located at 36 Kinnicutt Avenue in Warren, Rhode Island (the property). On appeal, the respondent posits that "[t]here is one issue on Appeal; was the Business Calendar correct in denying the [respondent's] motion to implement the Plan?" This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we are satisfied that the matter before the Court is moot.

On September 24, 2024, a temporary receiver for the property (the receiver)[1] filed a petition in Providence County Superior Court against the property's owner of record, respondent Mark Watson.[2] Therein, the receiver asked the court to discharge various encumbrances on the property, pursuant to G.L. 1956 § 34-44-12.

The petition described the appointment of the receiver and the proceedings before the Warren Municipal Court (the municipal court), wherein, based upon the findings of the receiver, the municipal court determined that the property was "both a public nuisance and abandoned pursuant to the Abandoned Property Act." According to the receiver, respondent was given the opportunity to address the public nuisance concerns, but "no substantial work was completed * * * to try to improve the overall condition of the Subject Property" and, "[i]n fact, over time the condition of the Subject Property worsened." Indeed, the receiver alleged that respondent "created a boarding room situation" at the property, utilizing the property "for what was a very clearly illegal use * * *." The municipal court thereafter authorized the Town of Warren (the town) to take necessary steps to vacate the property and to clear out trash and debris.

---

[1] We note that W. Mark Russo, Esq., and Juliette M. Collins, Esq., were substituted as temporary receivers on August 26, 2025, following the Honorable John A. Dorsey's appointment as United States Bankruptcy Judge for the District of Rhode Island.

[2] The petition also named the property as an in-rem respondent, Mortgage Electronic Registration Systems, Inc., Santander Bank, N.A., the City of Providence and the Town of Warren. The only respondent before this Court on appeal is Mark Watson.

According to the receiver, a petition for instructions for abatement of the property was issued to respondent, but he did not make improvements to the property, and the receiver sought further instruction from the municipal court. The municipal court authorized the receiver to market the property and, after further proceedings, "on or about June 13, 2024," the municipal court entered an order approving the sale of the property. Accordingly, in the interest of abating the public nuisance on the property, the receiver sought an order from the Superior Court confirming the sale of the property, pursuant to § 34-44-12, and discharging various encumbrances, along with other equitable and necessary relief.

The respondent filed an answer admitting that he owned the property and requesting that the Superior Court dismiss the petition and allow him to redeem the property. Following a hearing on the matter, a justice of the Superior Court (the hearing justice), entered an order on November 6, 2024, approving the receiver's petition and approving the sale of the property, allowing it to be sold "free and clear of all liens, claims, encumbrances, and clouds on title * * *." The hearing justice further ordered the receiver not to "proceed with a closing on a sale of the Subject Property until after [respondent] has had an opportunity to present his motion to reconsider to the [municipal court] on November 28, 2024[,]" but if any motion is denied, the instant order "shall maintain its full force and effect * * *." No appeal was taken from this order.

- 3 -

The respondent subsequently filed a motion for a TRO, which indicates that the municipal court had denied his motion for reconsideration and had ordered that the sale of the property go forward. The receiver objected to the motion for a TRO, asserting that respondent had "been afforded every due process opportunity in the Municipal Court proceedings to begin to effectuate an abatement of the Subject Property and/or to seek the Municipal Court to direct the Receiver in any direction, other than a third-party sale."

A hearing on the motion for a TRO was held on February 28, 2025. After hearing from the receiver, counsel for respondent, and an attorney for the town, the hearing justice stated that, while the sale of the property "arguably could constitute irreparable harm," he did not "believe there [wa]s a likelihood of success on the merits." He observed that respondent was "someone who for years now has had the property" and has "made representation over representation" that he would fix it, but had not done so. Accordingly, the hearing justice denied respondent's motion for a TRO; an order to that effect entered on March 5, 2025. This appeal follows.

"We previously have said that 'as a general rule we only consider cases involving issues in dispute; we shall not address moot, abstract, academic, or hypothetical questions.'" *Blais v. Rhode Island Airport Corporation*, 212 A.3d 604, 612 (R.I. 2019) (quoting *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I. 1980)). "A case is moot if there is no continuing stake in the controversy, or if the court's

- 4 -

judgment would fail to have any practical effect on the controversy." *Branson v. Louttit*, 213 A.3d 417, 433 (R.I. 2019) (quoting *Boyer v. Bedrosian*, 57 A.3d 259, 272 (R.I. 2012)). Both the receiver and the respondent represented in their filings with this Court that the closing had occurred. Furthermore, at oral argument, counsel agreed that the case is moot because the property has been sold, and the issues that led to its classification as a public nuisance have been abated.

Accordingly, we dismiss the appeal.

Entered as an Order of this Court this     5th    day of May, 2026.

By Order,


_____
        */s/ Meredith A. Benoit*
Clerk

- 5 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | W. Mark Russo and Juliette M. Collins, as Temporary Receivers for the Real Estate commonly known as 36 Kinnicutt Avenue and Located at Plat 20, Lot 330 v. One Parcel of Real Estate commonly known as 36 Kinnicutt Avenue, Located at Plat 20, Lot 330, et al. | |
| **Case Number** | No. 2025-176-Appeal. (PM 24-5243) | |
| **Date Order Filed** | May 5, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, Long and Indeglia (Ret.), JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern | |
| **Attorney(s) on Appeal** | For Petitioners: Juliette M. Collins, Esq. | |
| | For Respondent: William J. Delaney, Esq. | |